# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

N-NAMDI WILLIAMS,

                  Petitioner,

     v.                                       Case No. 09-CV-117
                                                   (07-CR-106)

UNITED STATES OF AMERICA,

                  Respondent.

_____

# ORDER

On January 22, 2008, the court sentenced N-Namdi Williams ("Williams") to a term of two hundred and forty months in prison after he pled guilty to one count of Distribution of Fifty Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(A), and § 851. Williams did not appeal his sentence. However, on February 5, 2009, he filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Pursuant to Rule 4 of the Rules Governing Section 2255 proceedings, the court must screen Williams's motion to determine if he states a claim upon which § 2255 relief may be granted.

If it plainly appears from the face of the motion, and any annexed exhibits and the prior proceedings in the case, that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading. *See* Rule 4, Rules Governing Section 2255 Proceedings.

Section 2255 expressly imposes a one-year limitation period for the filing of a motion to vacate or modify. The limitation period starts to run from the date on which the judgment of conviction becomes final. Here, because Williams did not appeal his conviction, it became final when the deadline to appeal expired. A criminal defendant has ten days from the date the order of judgment and conviction is docketed to file an appeal. Fed. R. App. P. 4(b)(1)(A). In the computation of those ten days, the court is to exclude counting Saturdays, Sundays, and legal holidays. Fed. R. App. P. 26(a)(1)(B). William's judgment of conviction thus became final on February 5, 2008. The Seventh Circuit employs the "anniversary method" for calculating filing deadlines, *see United States v. Marcello*, 212 F.3d 1005, 1009 (7th Cir. 2000); therefore, Williams had until February 5, 2009, to file his motion. Williams deposited his papers in his institution's mail system on February 2, 2009. *See* Rule 3, Rules Governing Section 2255 Proceedings. Williams's motion is, therefore, timely.

Relief under § 2255 is appropriate if a petitioner can show that there are errors in his conviction or sentence that are "jurisdictional, constitutional, or constitute[] a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *Borre v. United States*, 940 F.2d 215, 217 (7th Cir. 1991) (internal citations omitted). If a petitioner does not raise an argument on direct appeal, he cannot first present the issue on collateral review "absent a showing of cause 'for the failure to advance the argument sooner and some showing of actual prejudice resulting from the

-2-

alleged constitutional violation."' *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir. 1994) (quoting *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). A § 2255 motion may not be used as either "a recapitulation of" or "a substitute for" a direct appeal. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir.1 996); accord *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) (stating that a § 2255 motion "is not to be used as a substitute for a direct appeal") (citing *Theodorou v. United States*, 887 F.2d 1336, 1339 (7th Cir. 1989)). Furthermore, a § 2255 petitioner may not raise: 1) issues raised on direct appeal, absent some showing of new evidence or changed circumstance; 2) non-constitutional issues that could have been, but were not raised on direct appeal; or 3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the "procedural default" and actual prejudice from the failure to appeal. *See Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by *Castellanos v. United States*, 26 F.3d 717 (7th Cir.1994)) .

Williams raises the following grounds in his motion. Ground One: Public Law 80-772, which enacted Title 18 U.S.C., was never validly enacted. Ground Two: Defense counsel provided ineffective assistance of counsel ("IAC") when he failed to file an appeal, despite Williams stating that he wished to appeal. Ground Three: The sentencing court should not have deferred to Congress when the laws it passes mandated a gross miscarriage of justice, and when the Government's actions caused the unjust effects of rendering the judiciary powerless. Ground Four: The

Case 2:09-cv-00117-JPS   Filed 11/06/09   Page 3 of 11   Document 4

sentencing court committed plain error by enhancing Williams' sentence by use of two prior convictions. Ground Five: The sentencing court committed plain error by enhancing Williams' sentence without a timely Notice of Enhancement under 21 U.S.C. § 851. Ground Six: The district court was without jurisdiction to regulate cocaine where Williams has never registered with a federal agency for a program that regulates cocaine.

Williams's first argument is unavailing. The thrust of his argument is that the basis for the court's jurisdiction in his case, 18 U.S.C. § 3231, was never validly enacted. This is an argument that has been considered and rejected numerous times. *E.g., U.S. v. LePage*, 2008 WL 4058523 (W.D. Wis. Aug. 26, 2008); *United States v. Felipe*, 2007 WL 2007804 (E.D. Pa. July 30, 2007); *United States v. Martinez*, 2006 WL 1293261 (S.D. Tex. May 6, 2006); *Lister v. United States*, 2006 WL 2751324 (S.D. Tex., Dec. 20, 2006). Thus, to the extent this ground is a constitutional issue that was not raised on direct appeal, Williams cannot overcome the procedural default because he did not suffer any actual prejudice from the failure to make this meritless argument on appeal.

Williams's second ground for relief, while being a legally sound argument, is contradicted by the facts. Williams states that he directed his attorney to file an appeal, but his attorney did not do so. If this were true, Williams would have been denied the effective assistance of counsel, regardless of the likelihood of success on appeal. See *Castellanos v. U.S.*, 26 F.3d 717 (7th Cir. 1994) (holding that where

-4-

a petitioner requested that his lawyer file an appeal from his criminal conviction, and the lawyer failed to do so, the petitioner does not need to establish prejudice in order to maintain an IAC claim). However, the flaw in this claim is that it is clearly refuted by the record. At sentencing, the court informed Williams of his right to appeal the court's sentence. The court also directed defense counsel – in open court so that Williams could hear – to consult with Williams regarding an appeal, and, if Williams chose not to appeal, to file a letter with the court indicating as much. On January 29, 2008, Williams's attorney, Brian Kinstler, filed a letter with the court stating that he discussed with Williams his right to appeal, and that Williams authorized him to inform the court that Williams did not wish to pursue an appeal. (Docket #29). Williams was sent a copy of the letter, however, he waited over a year to register an objection in the form of the instant § 2255 action. Ultimately, the court is presented with the factual question of deciding which is more credible: the letter filed by attorney Kinstler (an officer of the court) within seven days of the sentencing date, or the § 2255 motion filed by Williams (a twice convicted felon serving twenty years in prison) over a year after the sentencing date. The court finds Kinstler's letter to be the more credible of the two, and thus the court makes the factual finding that indeed Williams did not request his attorney to file an appeal from his conviction or sentence.

The thrust of Williams's third argument is that the court violated the due process clause by imposing the twenty-year mandatory minimum sentence required

-5-

by 21 U.S.C. § 841(b)(1)(A).  Williams alleges that the facts of his case are directly on point with the facts in *U.S. v. Grant*, 524, F. Supp. 2d 1204 (C.D. Cal. 2007), *rev'd*, 312 Fed. Appx. 39 (9th Cir. 2009), in which the district court found that imposition of the § 841(b)(1) ten-year mandatory minimum would violate due process.  Part of the district court's rationale in *Grant* was that, though the factual bases for the defendants' pleas supported the convictions in the case, the record provided no reason to think that either of the defendants were "predisposed in any way to commit or participate in an unlawful drug transaction before being contacted by the government."  *Id.* at 1210.  Williams argues that the same is true for him, despite the fact that such a notion is clearly belied by the fact that Williams has a prior state court conviction for violation of Wis. Stat. § 161.16(2)(b)(1), Possession with Intent to Deliver Controlled Substance - Cocaine.  Perhaps the greatest flaw in Williams's argument, though, is the fact that the sole case he relies on, *Grant*, was vacated and remanded by the Ninth Circuit Court of Appeals, which held that the district court erred in refusing to impose the ten-year mandatory minimum sentence, and that "district courts lack the authority to refuse to impose the mandatory minimum sentence required by § 841(b)(1)."  *U.S. v. Grant*, 312 Fed. Appx. 39, 40 (9th Cir. 2009).  The Seventh Circuit Court of Appeals has also made this same point very clear, stating that minimum mandatories are constitutional federal statutes from which a district court may sentence below only if authorized by a specific statute.  *U.S. v. Roberson*, 474 F.3d 432, 436-437 (7th Cir. 2007) (also noting that 18 U.S.C.

3553(a) is a "very general statute [that] cannot be understood to authorize courts to sentence below minimums specifically prescribed by Congress"). Therefore, Williams's third ground is meritless, thus he cannot be said to have suffered the requisite prejudice necessary to overcome the procedural default from his failure to raise that ground on direct appeal.

Williams's fourth argument is somewhat difficult to decipher. He states that the sentencing court enhanced his sentence by use of two prior convictions, which were related sentences for purposes of U.S.S.G. § 4A1.1(a), (b), & (c). Williams states that he pled guilty in Wisconsin state court to: (1) Intent to Deliver Cocaine; (2) Party to a Crime to Intent to Deliver Cocaine; and (3) Misdemeanor Battery. He also states that these three crimes were used for enhancement purposes by the sentencing court, thus "ballooning" Williams's sentence. Though Williams's argument is difficult to decipher, it is clearly mistaken. The court relied on one prior conviction for enhancement purposes, Williams's Wisconsin state court 1996 felony conviction for violation of Wis. Stat. 161.16(2)(b)(1) – Possession with Intent to Deliver Controlled Substance - Cocaine. The true import of that prior conviction was not the points that it added to Williams's criminal history category pursuant to U.S.S.G. § 4A1.1(a), but rather the fact that it bumped the mandatory minimum sentence required by § 841(b)(1)(A) up from ten years to twenty years. Title 21 U.S.C. § 841(b)(1)(A) requires, inter alia, that an individual convicted of distributing fifty grams or more of cocaine base (as Williams was) be sentenced to not less than

Case 2:09-cv-00117-JPS   Filed 11/06/09   Page 7 of 11   Document 4

twenty yeas if such violation occurs "after a prior conviction for a felony drug offense has become final."  Id.  Williams's 1996 felony drug offense conviction was final at the time he was convicted in the instant case.  On that basis, coupled with the amount and type of substance involved in the instant case, the court was required to sentence Williams to at least twenty years in prison.  Thus, the court imposed the lowest sentence it was permitted to impose.  To the extent that the court considered any other state court convictions, clearly such considerations had no impact on the sentence imposed, and did not "balloon" Williams's sentence.  Thus, Williams's fourth ground – which in fact is not a constitutional ground, thus is barred because it was not presented on appeal – is without merit.[1]

William's fifth argument is that the sentencing court committed error by enhancing Williams's sentence without timely notice of enhancement as required by 21 U.S.C. § 851.  Unlike Williams's first, third, and fourth argument – all of which could conceivably be made in good faith by someone simply lacking in legal understanding – Williams's fifth argument is plainly disingenuous.  Williams cites U.S. v. Jackson, 121 F.3d 316, 319 (7th Cir. 1997) for the premise that § 851(a) requires the government to file a notice of enhancement and serve such notice on the defendant prior to the entry of a guilty plea, or trial, in any case in which the government intends to rely on a prior conviction in order for an enhanced penalty

---

[1] Even if ground four had merit, it is not cognizable under § 2255, because "misapplication of the Guidelines [does not] fall within any of the categories for § 2255 relief."  Cabello v. U.S., 884 F. Supp. 298, 301 (N.D. Ind. 1995) (citing Scott v. U.S., 997 F.2d 340, 341-43 (7th Cir. 1993)).

Case 2:09-cv-00117-JPS   Filed 11/06/09   Page 8 of 11   Document 4

under 21 U.S.C. § 841(b). Williams then goes on to state that the record shows that there was no notice of § 851 enhancement filed; the most cursory of readings of the record proves the falsity of this claim. Once again, the docket in Williams's criminal case (2:07-cr-106) clearly shows that on May 2, 2007 (more than four months prior to entry of Williams's guilty plea) the government filed a Sentencing Enhancement Information (Docket #9) informing Williams of the government's intention to rely on Williams's previous state felony conviction for purposes of increased penalties under § 841(b). Furthermore, Williams cannot deny that he was aware of such intentions prior to pleading guilty, as the plea agreement he signed on September 5, 2007 (seven days prior his pleading guilty) specifically references the fact that there was an enhancement filed pursuant to § 851. The plea agreement also specifies that the offense to which Williams was to plead guilty carries a mandatory minimum sentence of twenty years imprisonment – the very sentence Williams received. Therefore, any contention that § 851(a) was not complied with, or that Williams was not aware at the time of pleading that he would be sentenced to at least twenty years in prison, is resoundingly refuted by the record.

Williams's sixth argument is as deficient as his first argument. His sixth argument is that this court did not have jurisdiction to regulate cocaine because Williams never registered with a federal agency for a program that regulates cocaine. Williams essentially argues that 21 U.S.C. § 841(a) is an impermissible over-extension of Congress's Commerce-Clause authority. He is wrong. The

Case 2:09-cv-00117-JPS   Filed 11/06/09   Page 9 of 11   Document 4

Seventh Circuit has held "that it was within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. . . . [§] 841." *U.S. v. Westbrook*, 125 F.3d 996, 1009 (7th Cir. 1997). Thus, Williams did not suffer any prejudice from the fact that this meritless argument was not raised on appeal.

Williams raised constitutional issues in grounds one, three, five,[2] and six. However, none of those issues were presented on direct appeal, and, regardless of whether there was sufficient cause for the failure to present them on appeal, there was no prejudice from the failure to present those issues, because in each instance they are without merit. Because no prejudice stemmed from Williams's failure to raise those grounds on direct appeal, they are barred from being raised in these § 2255 proceedings. The issue Williams raises in ground four is a non-constitutional issue that was not presented on appeal, and is thus barred from being raised in these § 2255 proceedings. As to the issue raised in ground two, the court makes a factual finding – based on attorney Kinstler's representation to the court (of which Williams was aware) – that Williams did not timely request that his attorney file an appeal. For the foregoing reasons, the court is obliged to deny Williams's motion in its entirety.

Accordingly,

---

[2] A failure of the government to comply with 21 U.S.C. § 851 violates due process. *See U.S. v. Jackson*, 121 F.3d 316, 319 (7th Cir. 1997).

**IT IS ORDERED** that Williams's Motion to Vacate, Set Aside, or Correct Sentence (§ 2255) (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that Williams's Motion to Amend/Correct his original § 2255 Motion (Docket #2)[3] be and the same is hereby **DENIED** as moot.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 6th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

---

[3] Williams's Motion to Amend essentially just elaborates on the grounds and arguments set forth in his Motion to Vacate, Set Aside, or Correct.